PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>Jerome Henderson, Jr.</u>         Case Number: <u>3:09-00292</u>

Name of Sentencing Judicial Officer: <u>The Honorable William J. Haynes, Jr., Senior U.S. District Judge</u>

Date of Original Sentence: <u>May 20, 2011</u>

Original Offense: <u>18 U.S.C. § 1344 Bank Fraud (two counts) and 18 U.S.C. § 1028A Aggravated Identity Theft</u>

Original Sentence: <u>45 months' custody followed by 5 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>      Date Supervision Commenced: <u>November 6, 2014</u>

Assistant U.S. Attorney: <u>Unassigned</u>       Defense Attorney: <u>R. David Baker</u>

---

### PETITIONING THE COURT
<u>  X  </u>   To issue a Summons.
<u>     </u>   To issue a Warrant.

---

## THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this 30ad day of July, 2015,
and made a part of the records in the above case.

_____
William J. Haynes
Senior United States District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Abigail Dillingham
U.S. Probation Officer

Place     Nashville, TN

Date      July 23, 2015

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **The defendant shall make restitution to the Department of Veterans Affairs in the amount of $57,079. The defendant shall make restitution to Franklin American Mortgage Company in the amount of $8,307.06. Payment is due in equal monthly installments of 10% of the defendant's gross monthly income until paid, to commence 30 days after release from imprisonment to a term of supervision.**

    Mr. Henderson has failed to make a payment towards his restitution since starting his term of supervised release.

2. **The defendant is prohibited from incurring any new debt or opening up any additional lines of credit without prior approval of the probation officer.**

    On April 14, 2015, Mr. Henderson opened a joint account through Sierra Auto Finance in the amount of $17,051.

3. **The defendant shall pay the total criminal monetary penalty of $300 (special assessment) due immediately.**

    Mr. Henderson has failed to make a payment towards his $300 special assessment.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Jerome Henderson, Jr. began his term of supervised release on November 6, 2014, and is currently scheduled to complete his term on November 5, 2019. He is currently employed with MI Metals in Smyrna, Tennessee. Mr. Henderson has been employed as a press operator with MI Metals since January 2015. He earns approximately $2,700 per month.

On December 8, 2014, a report was filed with the Court, document 71, alleging that on November 6, 2014, Jerome Henderson, Jr. was charged with theft over $10,000. According to the affidavit of complaint, on August 19, 2014, while still in Bureau of Prisons' (BOP) custody and residing at the Diersen RRC, Mr. Henderson attempted to steal four automobiles from Green Light Auto Sales, located at 416 West Main Street in Hendersonville, Tennessee. As was previously noted, at the time of the above alleged incident, Mr. Henderson was in BOP custody, supervised by the Diersen Residential Reentry Center. He was terminated from the halfway house and returned to custody on August 21, 2014. He remained in custody until November 6, 2014. Mr. Henderson is next scheduled to appear for trial on September 29, 2015.

On June 26, 2015, the United States Attorney's Office mailed Mr. Henderson a subpoena instructing him to report for a debtor's exam on July 14, 2015. Mr. Henderson failed to report.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a summons be issued for Jerome Henderson so that he may appear before

the Court to answer to the violation behavior outlined above. This matter has been reported to a representative of the U.S. Attorney's office, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. JEROME HENDERSON, JR. CASE NO. 3:09-00292

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 years (Class B Felony) *18 U.S.C. § 3583(e)(3)* | 5 to 11 months *U.S.S.G. §7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment *18 U.S.C. 3583(h)* | 2 to 5 years *U.S.S.G. §5D1.2(a)(1)* | No recommendation |

Upon a finding, by the preponderance of the evidence, that the defendant violated a condition of supervised release, the Court may revoke the term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term of supervised release, 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of probation or supervised release and/or modify the conditions of supervision, U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted

_____
Abigail Dillingham
U.S. Probation Officer

Approved:

_____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant   Jerome Henderson, Jr.

2. Docket Number (Year-Sequence-Defendant No.)   3:09-00292

3. District/Office   Middle District of Tennessee

4. Original Sentence Date   May 20, 2011
   *month  day  year*

(if different than above):

5. Original District/Office   Same as above

6. Original Docket Number (Year-Sequence-Defendant No.)   Same as above

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to Pay Restitution | C |
| Opening New Line of Credit | C |
| Failure to Pay Special Assessment Fee | C |

8. Most Serious Grade of Violation (see §7B1.1(b))   | C |

9. Criminal History Category (see §7B1.4(a))   | I |

10. Range of Imprisonment (see §7B1.4(a))   | 5-11 months |

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

   ■ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available. Any term imposed upon revocation shall be ordered to be served consecutively to any sentence of imprisonment, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation. § 7B1.3(f)

Defendant: <u>Jerome Henderson, Jr.</u>

12. Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (<u>see</u> §7B1.3(d)):

| | |
|---|---|
| Restitution($): <u>$65386.06</u> | Community Confinement: <u>0</u> |
| SA($): <u>$300</u> | Home Detention: <u>0</u> |
| Other: <u>0</u> | Intermittent Confinement: <u>0</u> |

13. Supervised Release

If supervision is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (<u>see</u> §§7B1.3(g)(1)).

Term: _____

The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence.

Period of supervised release to be served following release from imprisonment:_____

14. Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. Official Detention Adjustment (<u>see</u> §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, 1331 Pennyslvania Avenue, N.W. Suite 1400, Washington, D.C. 20004, Attention: Monitoring Unit

1/11/90